IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1388-C |
| ) | CR-10-247-C |
| GEORGE BRYAN WALTERS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

On November 22, 2011, Defendant, acting pro se, filed the present 28 U.S.C. § 2255 motion, seeking to vacate, set aside, or correct his sentence. In support of his request, Defendant argues that his trial counsel was ineffective and improperly advised him of relevant facts and circumstances surrounding his guilty plea. In response, Plaintiff notes that Defendant's counsel exercised great skill in representing Defendant and succeeded in negotiating a plea agreement that reduced the statutory maximum sentence Defendant faced by 120 months.

Defendant's claims are governed by the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. Second, Defendant must demonstrate that the deficient performance resulted in prejudice to his defense. Id. at 687. In considering the first prong, the Court is mindful that a strong presumption exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish the second prong, Defendant must show

that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687. In other words, Defendant must establish "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  With these standards in mind, the Court considers the issues raised by Defendant.

Defendant argues his counsel was ineffective but fails to offer any fully developed argument in support of his premise.  Rather, Defendant fills his brief with buzz words and conclusory statements.  While Defendant's approach creates a moving target, when the facts surrounding the plea agreement are examined, it is clear that Defendant's counsel was effective and that Defendant knowingly entered into the plea agreement.

As Plaintiff notes, because of Defendant's counsel, Defendant was permitted to plead guilty to a charge of possession of child pornography rather than distribution of child pornography.  This bargaining resulted in Defendant's facing a statutory maximum of 120 months rather than a maximum of 240 months.  Because the pre-sentence report established a guideline range of 135-168 months, Defendant's counsel's performance potentially reduced his sentence by 15 months.  Defendant offers no argument or evidence that different counsel could have secured a better deal.  When considering a claim of ineffective assistance related to a plea agreement, the Tenth Circuit has set forth the standard to measure Defendant's argument:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance.  In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not*

> *have pleaded guilty* and would have insisted on going to trial." Miller v.
> Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert.
> denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002).  Further,
> defendant's "mere allegation that he would have insisted on trial but for his
> trial counsel's errors, although necessary, is ultimately insufficient to entitle
> him to relief.  Rather, we look to the factual circumstances surrounding the
> plea to determine whether [defendant] would have proceeded to trial."  Id.
> (citation omitted).  Specifically, while defendant is not required to prove a
> reasonable probability that, but for counsel's mistakes, he would have
> prevailed at trial, the assessment of whether he would have changed his plea
> depends in large part on a prediction of whether the outcome of the district
> court proceedings would have been different if his counsel had not committed
> the alleged errors.  See id. at 1074-75.

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002).  Defendant offers no evidence or argument to meet his obligation.  Indeed, given the evidence available, the Court finds no probability that given different, "more effective" counsel, Defendant would have chosen to go to trial.  The fact that as part of the plea agreement Defendant avoided the likelihood of a much longer period of incarceration weighs heavily against finding he would have proceeded to trial.  In short, the Court finds that Defendant has failed to offer any reasonable basis for finding that his counsel was ineffective.  Accordingly, his Motion will be denied.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record.  See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

As set forth more fully herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 29) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 25th day of January, 2012.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge